UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

BALLERINA BV ST. MAARTEN

                    Plaintiff,

    -against-

HARRY KATZ

                    Defendant.
-----------------------------------------------------------------------x

Index No.

**COMPLAINT**

      Plaintiff, BALLERINA BV ST. MAARTEN, by its attorney Alan C. Stein as in for its complaint alleges upon information and belief attorney, alleges:

      1. That Plaintiff is a foreign corporation with its principal offices located at 56 Front Street, Philipsburg, St. Maarten DWI.

      2. That Harry Katz is a citizen of the State of New York and resides at 87 Shady Lane, Westbury, County of Nassau, State of New York.

      3. That Plaintiff is a jewelry store in St. Maarten and sells jewelry and watches to customers both domestically and abroad.

      4. That Defendant Harry Katz was and still is a customer of Plaintiff with a long history of buying jewelry and watches from Plaintiff.

      5. That in the past, Defendant would purchase pieces from Plaintiff either in St. Maarten or having Plaintiff ship said pieces to Defendant c/o Harry Katz and Associates Ltd. in New York.

      6. That from February 2011 through November 2019, Defendant purchased an

estimated thirty (30) pieces of jewelry and watches from Plaintiff.

7. That Defendant received all of these pieces, including 2 Shamballa rings in January 2018 for the cost of $15,050.00; a Roger Dubuis watch in July 2019 for $58,500.00 and 6 pieces of Shamballa jewelry in November 2019 for $71,000.00.

8. Defendant has made various payments over the past many years, leaving a balance of $76,500.00.

9. That there are outstanding balances from 2018, including $2,000.00 from August 23, 2018; $28,500.00 from July 10, 2019 and $46,000.00 from November 20, 2019, for a total outstanding balance due and owing from Defendant to Plaintiff of $76,500.00.

10. That repeated demands have been made for the balance due and owing Plaintiff but Defendant has refused to pay it and therefore, owes.

11. That Defendant is in possession of these pieces of jewelry and watch and has not returned any of the pieces to Plaintiff.

12. The choice of law applicable to the instant case is the UN Conventions on Contracts for the International Sale of Goods (CISG).

AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF AGREEMENT

13. Plaintiff repeats, realleges and reiterates the allegations set forth in Paragraphs "1" through "12" as if set forth in their entirety herein.

14. Plaintiff and Defendant had an agreement over a period of eight (8) years that Plaintiff would sell jewelry and watches to Defendant on an ongoing basis and Defendant would pay for said pieces upon receipt.

15. That in accordance with that agreement, Plaintiff sent one watch and seven (7) pieces of Shamballa jewelry to Defendant from St. Maarten to Defendant's New York address.

16. That Defendant breached the agreement with Plaintiff by wholly failing to pay the outstanding balance for these pieces despite repeated demands for same.

17. That as a result of Defendant's breach, Plaintiff has been damaged in the sum of $76,500.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR QUANTUM MERUIT

18. Plaintiff repeats, realleges and reiterates the allegations set forth in Paragraphs "1" though "17" as if set forth in their entirety herein.

19. Plaintiff sold the pieces to Defendant in good faith.

20. Defendant accepted the pieces and has not returned them to Plaintiff.

21. Plaintiff expected to be compensated for the jewelry and watch purchased by Defendant.

22. That as a result of Defendant's failure to pay $76,500.00 for the jewelry and watch, Plaintiff has been damaged in the sum of $76,500.00.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

23. Plaintiff repeats, realleges and reiterates the allegations set forth in Paragraphs "1" though "22" as if set forth in their entirety herein.

24. Defendant has been enriched by the value of the jewelry and watch he retained.

25 That Defendant's enrichment came at Plaintiff's expense.

26. That is against equity and good conscience to permit Defendant to retain the jewelry and watch.

27. That as a result of Defendant's unjust enrichment, Plaintiff has been damaged in the sum of $76,500.00.

AS AND FOR A FOURTH CAUSE OF ACTION FOR GOODS SOLD

28. Plaintiff repeats, realleges and reiterates the allegations set forth in Paragraphs "1" though "27" as if set forth in their entirety herein.

29. In or about January 2018, Plaintiff sold to Defendant a Shamballa ring and bracelet for the purchase price of $15,050.00.

30. In or about July 2019, Plaintiff sold to Defendant a Roger Dubuis watch for the purchase price of $58,500.00.

31. In or about November 2019, Plaintiff sold to Defendant six (6) pieces of Shamballa jewelry for the purchase price of $71,000.00

32. That Plaintiff delivered these certain goods to Defendant at Defendant's request.

33. That repeated demands for payment have been made but Defendant has refused to pay despite retaining the jewelry.

34. That as a result of the goods sold and delivered and Defendant's refusal to pay, Plaintiff has been damaged in the sum of $76,500.00.

WHEREFORE, Ballerina BV St. Maarten demands judgment as follows:

(A) On the first cause of action for breach of agreement, the sum of $76,500.00

(B) On the second cause of action for quantum meruit, the sum of $76,500.00

(C) On the third cause of action for unjust enrichment, the sum of $76,500.00

(D) On the fourth cause of action for goods sold, the sum of $76,500.00

(E) The interest, costs and disbursements of this proceeding and any such other further and different relief as this Court deems just and proper.

Dated: Woodbury, New York
       January 10, 2023

LAW OFFICE OF ALAN C. STEIN PC

By: _____
ALAN C. STEIN (AS 2186)
7600 Jericho Turnpike Suite 308
Woodbury, New York 11797
516-932-1800
